## Commonwealth v. Burke

*Steven R. Guccini,* assistant district attorney, for the Commonwealth.
*Jack G. Linshaw,* for defendant.

## FACTS

THOMSON, *P.J.*, December 26, 1984—On March 29, 1984, defendant and others were charged with criminal attempt to commit homicide to George Mehl; criminal attempt to commit homicide to Wayne Burke; criminal conspiracy to commit criminal homicide to George Mehl; criminal conspiracy to commit criminal homicide to Wayne Burke; aggravated assault to Wayne Burke; and criminal homicide to George Mehl. On April 26, 1984 Sharon Burke was arraigned and entered a written plea of not guilty to all charges.

Defendant changed her plea on November 3, 1984 from not guilty to guilty of the charge of criminal homicide, first degree murder, pursuant to a plea bargain arrangement between defendant and the Pike County district attorney. Then, on December 14, 1984, defendant withdrew her guilty plea and changed her written plea of guilty to a written plea of not guilty.

Sharon Ann Burke has requested a jury trial which has been scheduled for the January term of court. Defendant has petitioned the court for a change of venue or venire. Essentially, Sharon Burke contends that due to a tremendous amount of publicity revolving around a trial and guilty plea of co-defendants to these charges, she can not be afforded a fair trial by Pike County jurors. Argument was held regarding this matter on December 18, 1984.

## OPINION

This issue for resolution is whether or not defendant's petition for change of venue or venire should be granted. Defendant alleges that in particular, the trial of the co-defendant, Barry Gibbs, which began

December 3, 1984 with voire dire and ended December 14, 1984 with a jury verdict of guilty of first degree murder with a sentence of death, has been highly publicized in Pike County. Defendant alleges that during this trial, several articles appeared in Pike County newspapers, on television and on radio which implicated Sharon Ann Burke to the crimes for which Barry Gibbs was charged and subsequently convicted. For this reason, defendant contends that she for practical purposes was tried and sentenced along with Barry Gibbs in the eyes of her prospective jurors. Sharon Burke feels that the details, events and facts surrounding the matters covered in these indictments are now so well known to the citizens of Pike County that a fair and unbiased jury would be impossible to select. Therefore, defendant contends that she would be unable to receive a fair and impartial trial.

Petitions or motions for change of venue or venire are granted if certain criteria are met. "A comprehensive review of the appellate court cases which have dealt with the issue are found in Commonwealth v. Casper, 481 Pa. 143, 392 A.2d 287 (1978). There the court said: 'Normally, one who claims that he has been denied a fair trial because of prejudicial pre-trial publicity must show actual prejudice in the empaneling of the jury. See Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975); Commonwealth v. Rolison, supra; Commonwealth v. Hoss, 469 Pa. 195, 201, 364 A.2d 1335 (1976); Commonwealth v. Pierce, 451 Pa. 190, 195, 303 A.2d 209, cert. denied, 414 U.S. 878, 94 S.Ct. 164, 38 L.Ed.2d 124 (1973). But this rule is subject to an important exception. In certain cases there 'can be pretrial publicity so sustained, so pervasive, so inflammatory, and so inculpatory as to demand a change of venue without putting the de-

fendant to any burden of establishing a nexus between the publicity and actual jury prejudice,' Commonwealth v. Frazier, 471 Pa. 121, 127, 369 A.2d 1224, 1227 (1977), because the circumstances make it apparent that there is a substantial likelihood that a fair trial cannot be had. See Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963); Commonwealth v. Rolison, supra; Commonwealth v. Dobrolenski, 460 Pa. 630, 334 A.2d 268 (1975), citing American Bar Association standards Relating to Fair Trial and Free Press §3.2 (Approved Draft, 1968); Commonwealth v. Pierce, supra." (Footnote omitted.) It is this exception that we must discuss here.

The court stated that the mere fact that there has been pre-trial publicity and that jurors have some knowledge of the facts attendant upon the crime, does not warrant a change of venue. It then sets standards by which the hearing judge should make a determination of the issue, as follows:

"We instead look to more discrete factors, viz., whether the pre-trial publicity was, on the one hand, factual and objective, or, on the other hand, consisted of sensational inflammatory and 'slanted articles demanding conviction' United States v. Sayers, 423 F.2d 1335, 1343 (4th Cir. 1970) (Footnote omitted.); whether the pre-trial publicity revealed the existence of the accused's prior criminal record (Footnote omitted.); whether it referred to confessions, admissions or reenactments of the crime by the defendant (Footnote omitted.); and whether such information is the product of reports by the police and prosecutorial officer. (Footnote omitted.) Should any of the above elements be found, the next step of the inquiry is to determine whether such publicity has been so extensive, so sustained and so pervasive that the community must be

deemed to have been saturated with it. In this connection the size and character of the area concerned, and more particularly the pervasiveness of the media coverage in the community, warrant consideration." Commonwealth v. Beers et al., no. 95, 105 and no. 96, 104 — 1984 slip op. (Monroe County June 7, 1984).

Initially, the publicity while factual and objective to a degree was also highly inflammatory. Evidence at the co-defendant's trial in December 1984, disclosed that he, Barry Gibbs, was contracted by Sharon Ann Burke to kill her husband for a leather jacket and approximately $250. The murder was executed on the wrong man, not Wayne Burke; but, another Hemlock Farms Security Officer, George Mehl. Mr. Mehl was survived by a wife and two children, which created an emotional stigma in the minds of our local citizenry. Because Barry Gibbs' trial was well attended by local news agencies, they immediately publicized this evidence county-wide. The numerous accounts of this trial portrayed this murder to be ruthless, cold and calculated while implicating Sharon Ann Burke as the culprit. Not only did Barry Gibbs' trial refresh Pike County citizens of this tragic event in March; but, it created a detrimental prejudice upon his co-defendant, yet to be tried, Sharon Ann Burke. Unlike prior murder trials; and, in particular, the Barry Gibbs trial, pre-trial publicity has never been as heart rendering and as extensive. In fact, prior to the Gibbs trial the news coverage was minimal. Many Pike County citizens had virtually forgotten this event. Once the Gibbs trial began, the crime was quickly revived by the local news agencies.

In addition, the reenactments of the crime were revealed by the media as disclosed at trial by the police and prosecutorial officers. We believe that the

public has recently been saturated with coverage of this crime. For these reasons, it is apparent that an unbiased jury would be impossible to be selected from the residents of Pike County or the neighboring counties. A change of venue or venire must be granted in order to afford this co-defendant, Sharon Ann Burke, a fair trial.

The court feels that a change of venire would procedurally be correct and in the best interests of all parties concerned. Under Rule 312: ". . . the jury shall be summoned, selected, and impanelled in the designated county of impanelment. The trial judge shall conduct the voir dire, unless otherwise ordered by the Supreme Court. The jury shall be transported to the county of the court where the case is currently pending." This procedure will protect the sixth amendment rights of Sharon Ann Burke.

The court will also address the collateral matter of defendant's omnibus pre-trial motion. This motion has been revived upon Sharon Ann Burke's withdrawal of her guilty plea and request for a juror trial. Four of defendant's pre-trial motions are now moot. Defendant's motion for a pre-trial conference, motion for severance, motion for change of venue and motion for psychiatric examination have been previously granted; thus, will not be discussed further.

Defendant has moved for suppression of certain evidence and to quash the information. Argument was held regarding both these matters at which time rulings were made. All points of both motions were denied. The arguments of counsel and rulings are a matter of record; thus, these motions require no further explanation.

## ORDER

And now, this December 26, 1984, defendant's petition for change of venire is hereby granted.